# HAFETZ & NECHELES LLP
ATTORNEYS AT LAW

---

10 EAST 40TH STREET, 48TH FLOOR
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

April 30, 2018

**VIA E-MAIL and ECF**
Honorable Gregory H. Woods
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW)

We write this letter to ask Your Honor to impose deadlines with consequences on the government, so that we can all be assured that the trial in this matter moves forward without delay.

## 1. *Dismissal of Count Six*

The last sentence of the Bill of Particulars provided by the government to the defendants late on Friday, April 28, states, "Third, the government no longer intends to proceed on Count Six at trial."[1]

This Count was just added in a superseding indictment on April 4, 2018. This means that in the weeks leading up to trial the defense has diverted substantial amounts of time to moving to dismiss, and then preparing to defend against this count. Now the government has decided, for strategic reasons or otherwise, that they do not wish to proceed on this count.

Based on the government's representation, defense counsel has stopped working on preparing a defense to Count Six. To prevent unfair prejudice, we ask that the government be required to move to dismiss Count Six by Wednesday, May 2, or in the alternative that Your Honor sever Count Six from the indictment. In other words, the government should not be permitted to again change its mind over whether to charge the defendants in this trial with the charges in Count Six.

---

[1] The government filed a superseding indictment on April 4, 2018, adding Counts Six and Seven. In response to a defense motion, Your Honor ordered the government to file a bill of particulars by April 28, 2018.

1

HAFETZ & NECHELES LLP

2. *Exhibit List*

Your Honor ordered the government to produce an exhibit list to the defense by April 16 – fourteen days ago. The government produced what purported to be an exhibit list but that list did not include *any* exhibits identified from *any* of the electronic devices or phones seized from Reichberg. Instead, the government lists on the exhibit list *all* the devices and the bates stamp numbers of *all* of the identified materials seized from each electronic device.

Last week defense counsel asked the government to identify the specific documents obtained from these devices that the government intends to introduce in evidence. Counsel for the government admitted they will not be putting all the documents listed on the exhibit list in evidence but stated that they were not ready to identify their specific exhibits yet. Defense counsel asked to be given a date by which this would occur but did not hear back from counsel for the government.

We ask that the government be given a deadline of Wednesday, May 2, to specify the exhibits from the electronic devices which the government intends to introduce in evidence. This would be more than two weeks after the date on which the government was ordered to produce the exhibit list. We further ask that the government be precluded from introducing in evidence at trial any exhibits that are not included on the exhibit list by this Friday, May 4, absent a showing of good cause.

We recognize that normally the government is given some latitude in its ability to amend its exhibit list. However, this case presents unusual challenges because of the volume of discovery, the late production of this discovery, and the government's constantly shifting theory of criminality (compare "official acts" charged in the original indictment with "official acts" charged in the superseding indictment).

3. *Bill of Particulars*

Your Honor ordered the government to provide defendants with a bill of particulars identifying the unnamed co-conspirators in Count One and the "specific official acts underlying Count One to the extent they were committed by officers other than Messrs. Grant and Harrington." Tr. 95. In the revised Bill of Particulars provided by the government on April 29, 2018 (Dkt. 238), the government listed a number of alleged official acts without identifying any co-conspirator who participated in or caused that alleged official act. *See, e.g.,* "Police escort on or about September 1, 2014 for an associate of Rechnitz and Reichberg," "Provision of a desk appearance ticket or on about March 9, 2015 for an associate of Reichberg who was under arrest," "Police escort on or about March 11, 2008 through the Lincoln Tunnel for an associate of Reichberg and Rechnitz." These alleged "official acts" are only criminal if they were the result of a bribe paid to a NYPD official, or an agreement to bribe a NYPD official. The government's failure to identify which NYPD official was bribed to cause these alleged official acts violates Your Honor's order. We ask that Your Honor specifically direct the government to identify the NYPD co-conspirator who allegedly caused each of the official acts listed in the Bill of Particulars, so that we can prepare for trial and ensure that the evidence introduced at trial and

HAFETZ & NECHELES LLP

that the acts upon which the jury can convict Reichberg are in fact part of the conspiracy charged in the superseding indictment.

      In addition, the government alleges that one official act it intends to prove to the jury is "[i]nterference with multiple arrests of an associate of Reichberg ('Individual-5'), including by Stephen McAllister, on or about the following dates: February 16, 2014; October 28, 2015; and December 16, 2015." Stephen McAllister, although listed as a co-conspirator in the Bill of Particulars, was not an NYPD officer on any of those dates and thus any acts taken or influenced by him are not part of the conduct charged in the indictment. The government should be required to identify the NYPD official who allegedly "interfered" in these arrests, or the Court should preclude the government from presenting this evidence to the jury as part of the charged conduct upon which Reichberg can be convicted.

                                         Respectfully submitted,

                                                    /s/

                                         Susan R. Necheles

cc:      All Parties (by e-mail and ECF)