```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 2/10/2022
  ------------------------------------------------------- X
                                                          :
     UNITED STATES OF AMERICA,                            :
                                                          :
                                                          :
                      -against-                           :
                                                          :              1:16-cr-468-GHW
                                                          :
     JEREMY REICHBERG,                                    :
                                                          :                  ORDER
                                           Defendant.     :
                                                          :
  ------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

On February 9, 2022, WNBC submitted a letter with two requests to access materials in this matter that related to Phil Banks. Dkt. No. 623. First, WNBC requests that the court unseal any materials that (1) pertain to Mr. Banks and (2) constitute "judicial documents." The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620–621 (S.D.N.Y. 2011). The Court has reviewed the documents that were filed under seal in this case, and concludes that none of the documents are responsive to WNBC's request because none are "judicial documents" that pertain to Phil Banks. Accordingly, WNBC's first request is denied.

Second, WNBC requests that the Court lift the protective orders at Dkt. Nos. 34, 132, and 133 (the "Protective Orders"). The Court requests a response from the Government regarding WNBC's application within 14 days of this order. The Court does not take a position on WNBC's request at this time.

The Court observes that the Protective Orders restrict access to documents produced in discovery. Federal Rule of Criminal Procedure 16 permits the Court to restrict access to discovery

materials for good cause. Fed. R. Crim. P. 16(d)(1). The Court entered the Protective Orders on a finding of good cause. Documents produced during discovery that are not relied on by the Court are not judicial documents. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Further, the Protective Orders require that the protected material be destroyed or returned to the government at the conclusion of this matter. This action was concluded in late 2021 when the Second Circuit affirmed Mr. Reichberg's judgment of conviction. *See* Dkt. No. 622. Accordingly, under the protective orders, the protected material should have already been returned to the Government or destroyed.

The Clerk of Court is directed to mail a copy of this order to:

JONATHAN DIENST
WNBC NEWSROOM #770E-14
30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10112

SO ORDERED.

Dated: February 10, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge