USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                          :
  UNITED STATES OF AMERICA,               :
                                                           :
                      -against-                   :                          1:16-cr-468-GHW
                                                           :
  JEREMY REICHBERG,                            :                            ORDER
                                                           :
                                 Defendant.    :
                                                             :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On February 9, 2022, WNBC submitted a letter with two requests to access materials in this matter that related to Phil Banks. Dkt. No. 623. The Court responded to the first request by order dated February 10, 2022. Dkt. No. 624. In that same order, the Court requested that the United States file a response to WNBC's second request, namely that the Court lift the protective orders at Dkt. Nos. 34, 132, and 133 (the "Protective Orders"). The United States responded to that request on February 24, 2022. Dkt. No. 625 (the "Response").

The Court denies the second request for substantially the reasons set forth in the Response. The presumption of public access does not apply to the discovery materials produced to the parties pursuant to the Protective Orders because they are not "judicial documents." A document is not a "judicial document" if it is produced during discovery, but is not presented to the Court. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

As the Government describes in its Response, the initial Protective Order executed by the Court protected the disclosure of "Sensitive Information," including "recordings of phone calls made by individuals who are not defendants in this case; summaries of those recordings; and e-mails of individuals who are not defendants in this case or the defendant to whom the e-emails are being produced," including materials containing "discussions of highly sensitive private and personal

matters." Dkt. No. 34. The later Protective Order provided protection for witness statements and related materials provided by the Government to the defense. Dkt. Nos. 132, 133. Because the case was finally resolved when the Second Circuit affirmed the conviction of Mr. Reichberg, the recipients of those materials were required to return or destroy them. According to the Response, defense counsel no longer retain materials provided to them pursuant to the Protective Orders. As a result, the Court understands that regardless of the action taken by the Court in response to this application, to obtain access to the information, an applicant would be required to compel the Government to disclose the materials because they could not be obtained from defense counsel to whom the materials were provided.

In any event, the good cause that supported the issuance of the Protective Orders did not abate when the criminal action concluded. The privacy interests of those whose highly sensitive and personal matters may have been revealed through the production of discovery has not diminished. As the Government argues in its Response, lifting the Protective Orders would circumvent other important restrictions that apply to the materials obtained by the Government in its investigation, "including under Rule 6(e) of the Federal Rules of Criminal Procedure"—which relates to grand jury proceedings—"the Privacy Act of 1974, Title III, and other policies of the Department of Justice." Response at 2. Lifting the protection afforded by the Protective Orders would have a substantial deleterious impact on those continuing interests.

It would also have an impact on the way that criminal cases are litigated generally. Protective orders of the type issued by the Court in this case are issued frequently in federal criminal litigation. They expedite the disclosure of information to aid the accused in their defense, while protecting the privacy interests of third parties. Establishing a rule that would lift those protections without more than a showing that the litigation had been terminated, and that the information might be of some public interest if disclosed, could have a dramatic impact. The application to which this order

responds does not justify such a drastic step.

As a result, the application to lift the Protective Orders is denied.

The Clerk of Court is directed to mail a copy of this order to:

JONATHAN DIENST
WNBC NEWSROOM #770E-14
30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10112

SO ORDERED.

Dated: April 15, 2022
New York, New York

GREGORY H. WOODS
United States District Judge